**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROY MORAGA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. ALLEY, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:19-cv-0635-MMD-CLB<br><br>**ORDER RE: JUDICIAL NOTICE FOR FAILURE TO COMPLY WITH COURT'S ORDERS**<br><br>[ECF No. 20/21] |

Plaintiff Roy Moraga ("Moraga") filed a document entitled: "Judicial Notice for Failure to Comply with Court's Orders." (ECF No. 20/21.) Within this document Moraga requests many things, such as: 1) an order vacating the Early Mediation Conference; 2) deferral of the filing fee; 3) a jury trial setting; 4) a fine and/or reprimand levied against Doug Rands; 5) appointment of counsel; and 6) denial of summary judgment. (ECF No. 20/21.)

Although Moraga's notice contains the requests stated above, the notice is not a proper motion pursuant to LR 7-2(d) as it is not supported by any points and authorities. Nevertheless, the Court will address each of Moraga's requests below:

**1.   An Order Vacating the Early Mediation Conference**

This request is **DENIED as moot**. The Early Mediation Conference was vacated in the Court's order ECF No. 19.

**2.   Deferral of the Filing Fee**

This request is **DENIED**. Plaintiff was granted *in forma pauperis* status in the Court's order ECF No. 22 which will govern payment of the filing fee pursuant to 28 U.S.C. § 1915.

/ / /

/ / /

### 3. Jury Trial Setting

This request is **DENIED**. A jury trial will not be set until such time as dispositive motions are ruled upon.

### 4. A Fine and/or Reprimand Levied Against Doug Rands

This request is without merit and is **DENIED**.

### 5. Appointment of Counsel

This request is **DENIED**. A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. Cano v. Taylor, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. Id. (citing Palmer, 560 F.3d at 970).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

### 6. Denial of Summary Judgment

This request is **DENIED**. A summary judgment motion has not been filed. At such time that a summary judgment motion is filed, Moraga will be afforded an opportunity to respond.

**DATED**: _August 25, 2021_.

_____
UNITED STATES MAGISTRATE JUDGE