# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ROY D. MORAGA,

    Moraga,

v.

ALLEY, *et al.*,

    Defendants.

Case No. 3:19-CV-00635-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

[ECF No. 36]

    This case involves a civil rights action filed by Plaintiff Roy D. Moraga ("Moraga") against Defendant Carol Alley ("Alley). Currently pending before the Court is Moraga's Motion for a "Mandatory Injunction". (ECF No. 36.) Alley opposed the motion, (ECF No. 37), and Moraga did not file a reply. For the reasons stated below, the Court recommends that Moraga's motion for preliminary injunction, (ECF No. 36), be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Moraga is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. (ECF No. 1-1.) On October 16, 2019, Moraga submitted his initial complaint and an application to proceed *in forma pauperis.* (ECF Nos. 1, 1-1.)

    Moraga's complaint consists of two counts. In Count I, Moraga alleges that on January 17, 2019, Alley sent Moraga to the emergency room where a doctor diagnosed Moraga with gallstones. (ECF No. 8 at 6.) Upon Moraga's return to NNCC, Alley told Moraga that she wanted to "admit [him] into the back" because he was dying. (*Id.*) Moraga refused and told her that if he was dying, he wanted to die with his friends. (*Id.* at 6-7.) Alley got mad and hit Moraga twice on his stomach. (*Id.* at 7.) Moraga filed a grievance

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

over Alley's conduct. (*Id.*) As a result, Alley charged Moraga $300 for an emergency "man-down," even though there is not supposed to be any charge for a "man-down" in a life-threatening situation. (*Id.*)

In Count II, Moraga alleged that in July 2019, Alley had Moraga transferred to the High Desert State Prison ("HDSP") for a medical colonoscopy. (*Id.* at 8.) Moraga was housed in administrative segregation for two and a half months, so he signed a medical refusal and was transferred back to NNCC. (*Id.*) In August 2019, Alley again ordered Moraga transferred to HDSP for a colonoscopy. (*Id.*) These transfers resulted in a total of 32 hours of bus time, which were extremely unpleasant for Moraga because he has bad nerve pains in his feet, and the transportation officer put the chains on too tightly on his feet, causing them to go numb. (*Id.*) The transportation officer also put the belly chain on too tightly, which caused Moraga to suffer from diarrhea and then constipation. (*Id.* at 8-9.) Moraga is Mexican American, and he has observed that white inmates were transported to "Carson, Reno Hospitals" for colonoscopies. (*Id.* at 9.)

Pursuant to 28 U.S.C. § 1915A(a), the District Court screened the complaint on March 15, 2021. (ECF No. 14.) Based on the allegations in the complaint, the Court determined Moraga could proceed on the following claims against Defendant Alley: (1) the First Amendment retaliation claim in Count I; (2) the Eighth Amendment excessive use of force claim in Count I; and (3) the Fourteenth Amendment equal protection claim in Count II. (*Id.*) However, the Court expressly dismissed, without prejudice, Moraga's Eighth Amendment and First Amendment claims arising out of the allegations involving his transportation for a colonoscopy that occurred in the summer of 2019. (*Id.* at 8.)

### A. Moraga's Motion for Preliminary Injunction

On December 2, 2021, Moraga filed the instant motion for a "Mandatory Injunction." (ECF No. 36.) In this motion, Moraga requests that the Court order Alley to refer Moraga to have an immediate colonoscopy at either Carson Tahoe Hospital or a Reno hospital, only. (*Id.*) The only basis provided for requesting an injunction is Moraga's assertion that his "medical health is getting worse" and he needs the colonoscopy "to

determine why he is bleeding out of his rectum." (*Id.* at 1.) The motion is not accompanied by any points or authorities, nor does it provide any legal or factual basis to support the issuance of an injunction. (*Id.*)

Alley opposed, arguing the motion should be denied because: (1) the relief requested is moot because a request for the colonoscopy has been made to the NDOC's Utilization Review Panel; (2) Moraga cannot establish an irreparable injury if an injunction is not granted; (3) he cannot establish a strong likelihood that he will succeed on his claim; and (4) he cannot show that a balancing of the hardships favors the relief he seeks. (ECF No. 37 at 3-5.) Moraga did not reply.

## II.    LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted). The instant motion requires the Court determine whether Moraga has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Beardslee v. Woodford*, 395 F.3d

1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51; *see also Alliance*, 632 F.3d at 1131. The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test survives when applied as part of the four-element *Winter*'s test. *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the Moraga can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (citations omitted). The portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the Moraga, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Committee of Cent. American Refugees v. Immigration & Naturalization Service*, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and

4

> shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. §3626(a)(2). Thus, section 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)(2) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See e.g., Padilla v. Nevada*, No. 2:08-cv-410, 2011 WL 2746653, at 8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:098-cr-3012, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

## III. DISCUSSION

Having reviewed all the filings related to this motion, and with the above-cited principles in mind, the Court finds Moraga's motion should be denied.

First, the allegations contained in the motion appear to relate to new issues, unrelated to those currently at issue in this litigation. Specifically, Moraga's motion requests the Court enter an injunction requiring Alley to refer him for an immediate colonoscopy due to his current medical condition related to alleged rectal bleeding. (ECF No. 36.) However, the facts giving rise to claims that were permitted to proceed in this case arose from distinct events involving treatment for Moraga's gallstones, the events

5

following that treatment, and alleged <u>equal protection</u> violations based on <u>transportation</u> for colonoscopies. (*See* ECF No. 14 at 3-4, 6-7.) Like the *Mitchell* and *Burton* cases discussed above, Moraga's motion alleges new claims related to Moraga's current medical treatment that are distinct from the issues asserted in the complaint. As such, Moraga has failed to show any relationship between those alleged injuries and the allegations contained in his complaint. Accordingly, this Court lacks authority to grant the relief requested, and on this basis alone, the motion should be denied. *See Pac. Radiation Oncology*, 810 F.3d at 636.

However, even if the Court assumes that the relief requested in the motion is related to the allegations in the complaint, the motion still fails because Moraga has not shown he will suffer irreparable harm if he does not receive a colonoscopy at this time. *See Winter*, 555 U.S. at 20. Moraga has failed to provide any medical records or any other evidence that establishes Moraga would suffer any immediate harm if a colonoscopy is not immediately performed. Rather, Moraga merely states that his medical condition is "worsening." (ECF No. 36 at 1.)  As such, Moraga has failed to provide evidence to the Court that would establish he will suffer irreparable harm if he is not provided an immediate colonoscopy from an outside medical provider. Moreover, the motion also fails because Moraga has failed to establish that he would likely prevail on his claim or that the hardships weigh in favor of the requested relief.

Finally, Alley represents to the Court that a request for a colonoscopy has already been made to the NDOC's Utilization Review Panel, thus Moraga's requested relief in this motion is moot.

Based on the above, the Court concludes that a preliminary injunction is not warranted, and Moraga's motion should be denied.

**IV.   CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that Moraga's motion for a mandatory injunction, (ECF No. 36), be denied.
///

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Moraga's motion for mandatory injunction, (ECF No. 36), be denied.

**DATED**: January 4, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**