UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROY D. MORAGA,

                Plaintiff,

v.

DR. ALLEY,

                Defendant.

Case No. 3:19-cv-00635-MMD-CLB

ORDER

**I.    SUMMARY**

*Pro se* Plaintiff Roy D. Moraga, currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed this action under 42 U.S.C. § 1983. (ECF No. 8.) Before the Court is a Report and Recommendation of United States Magistrate Judge Carla L. Baldwin (ECF No. 68 ("R&R")), recommending that the Court grant Defendant's motion for summary judgment (ECF No. 59) and deny Plaintiff's motion to deny Defendant's motion for summary judgment (ECF No. 67).[1] Plaintiff has not filed an objection to the R&R.[2] Because the Court agrees with Judge Baldwin, and as further explained below, the Court adopts the R&R in full. Accordingly, the Court grants Defendant's motion and denies Plaintiff's motion.

**II.    BACKGROUND**

The Court incorporates by reference Judge Baldwin's description of the case's factual background and procedural history provided in the R&R, which the Court adopts.

---

[1]Plaintiff appears to have responded to Defendant's motion for summary judgment by filing a "motion to deny defendant's motion for summary judgment." (ECF No. 67.) However, Defendant did not file a reply in support of her motion for summary judgment.

[2]The Court previously *sua sponte* extended Plaintiff's deadline to file an objection to the R&R to January 23, 2023, due to Plaintiff's emergency hospitalization in November 2022. (ECF Nos. 72, 74.) The Court consequently denied as moot Plaintiff's motion for stay or abeyance. (ECF Nos. 73, 74.)

(ECF No. 68 at 1-3.)

## III. DISCUSSION

Judge Baldwin first recommends the Court grant summary judgment because Defendant has established that Plaintiff's previous action against Defendant—*Moraga v. Dr. Alley et al.*, Case No. 3:19-cv-00654-MMD-WGC (D. Nev. July 28, 2020) ("*Moraga I*")—precludes all of Plaintiff's claims under the doctrine of *res judicata*. (ECF No. 68 at 6-13.) *See also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"); *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (defining the three elements of *res judicata* as involving (1) the same claim or cause of action or an "identity of claims" between the two suits, (2) "identical parties or privies," and (3) a final judgment on the merits made in the previous suit) (quotation marks and citation omitted); *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003) (determining that an "identity of claims exists when two suits arise from the same transactional nucleus of facts") (quotation marks and citation omitted).

As for the second element—identical parties or privies—Judge Baldwin concluded that Plaintiff and Defendant were the same parties in both *Moraga I* and this action. (*Id.* at 9.) As for the first element—identity of claims—Judge Baldwin explained that Plaintiff's First Amendment retaliation claims in both suits "were clearly the same." (*Id.*) As for Plaintiff's two remaining claims in this action, Judge Baldwin nevertheless found an identity of claims between both suits, even though Plaintiff asserted an additional factual allegation that Defendant "transferred [Plaintiff] to [High Desert State Prison ("HDSP")] for a colonoscopy in July and August 2019 because [Plaintiff] is Mexican American." (*Id.*) Despite this slight difference in allegations between both suits, "[t]hese additional facts involve a continuation of factual issues arising from the initial issues between [Defendant] and [Plaintiff] involving [Plaintiff]'s rectal bleeding and other gastrointestinal issues that later led to his referral for a colonoscopy in July 2019." (*Id.*) Therefore, Judge Baldwin

concluded, Plaintiff's two remaining claims in this action "arise from the same nucleus of facts as alleged in *Moraga I* and these claims could have been brought in [*Moraga I*]." (*Id.*) *See also Tahoe Reg'l Planning Agency*, 322 F.3d at 1078 ("It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.").

As for the final element—final judgment on the merits—Judge Baldwin found that Defendant has established that no genuine issue of material fact exists as to whether the Court reached a final judgment on the merits in *Moraga I*. (*Id.* at 9-13.) In *Moraga I*, the parties had executed a settlement agreement that released Defendant of all subsequent liability, after which the Court dismissed the action with prejudice. (ECF No. 59-5 at 4-5.) *See also Moraga I*, Case No. 3:19-cv-00654-MMD-WGC, ECF No. 17 (D. Nev. Filed Nov. 6, 2020). After reviewing the agreement to determine the parties' intent, Judge Baldwin found "that the settlement agreement in *Moraga I* unambiguously released all claims, known and unknown, between [Plaintiff] and [Defendant], including all claims alleged in this case." (ECF No. 68 at 12-13.) *See also Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 690-91 (9th Cir. 2019) ("[W]hen a court dismisses an action because of a settlement, the settlement and release of claims . . . is stamped with the imprimatur of [a] court with jurisdiction over the parties and the subject matter of the lawsuit"; "The settlement and release become a 'final judgment' and 'not simply a contract entered into by . . . private parties.'") (quotation marks and citations omitted); *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013) (noting that "[t]he construction and enforcement of settlement agreements are governed by principles of local law," "even where a federal cause of action is settled or released"); *In re Amerco Derivative Litig.*, 252 P.3d 681, 693 (Nev. 2011) (recognizing that under Nevada law, "[c]ontractual release terms . . . do not apply to future causes of action unless expressly contracted for by the parties") (quotation marks and citation omitted). For these reasons, and because Moraga failed to address Defendant's *res judicata* arguments, Judge Baldwin concluded that "all three elements of

claim preclusion are met and that all claims asserted in this case, including the claim related to the alleged violations of Equal Protection Rights arising from [Plaintiff's] transfer to HDSP . . . are precluded by *Moraga I*." (*Id.* at 13.)

Moreover, Judge Baldwin explained, even if Plaintiff's equal protection claim was not precluded, Defendant has established through authenticated and admissible evidence that no genuine issue of material fact exists as to whether Defendant was responsible for, or personally participated in, Plaintiff's transfer to HDSP in July 2019. (*Id.* at 13-14.) Because Defendant has met her initial evidentiary burden on the equal protection claim, and because Plaintiff's "opposition is entirely devoid of any argument or evidence to contradict Defendant's evidence on these points," Judge Baldwin further concluded that Plaintiff has failed to create a genuine issue of material fact as to this claim. (ECF Nos. 67, 68 at 14.) *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (describing the burden-shifting framework under Federal Rule of Civil Procedure 56).

Because Plaintiff has not objected to the R&R, the Court need not review Judge Baldwin's recommendations *de novo*; the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee note to 1983 amendments; *see also* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that when a party fails to object to a magistrate's recommendation, the Court need not conduct "any review at all . . . of any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."). As the Court finds no clear error, the Court will accept and adopt the R&R in full.

///

///

///

## IV.   CONCLUSION

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 68) is accepted and adopted in full.

It is further ordered that Defendant's motion for summary judgment (ECF No. 59) is granted.

It is further ordered that Plaintiff's motion to deny Defendant's motion for summary judgment (ECF No. 67) is denied.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 2nd Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE